```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
EDSON MAITLAND and EDSON MAITLAND, JR.,

                    Plaintiffs,

        -against-                          MEMORANDUM & ORDER
                                           14-CV-5938(JS)(AKT)
FAWN-NITA LUNN, TOWN OF HEMPSTEAD,
NEW YORK, and NASSAU COUNTY SOCIAL
SERVICE,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Edson Maitland, pro se
                    Edson Maitland, Jr., pro se.
                    33 Ramblewood Dr.
                    Palm Coast, Florida 32164

For Defendants:
Fawn-Nita Lunn      No appearance.

Town of Hempstead   Daniel James Evers, Esq.
                    Joseph E. Macy, Esq.
                    Donna A. Napolitano, Esq.
                    Berkman, Henoch, Peterson,
                      Peddy & Fenchel, P.C.
                    100 Garden City Plaza
                    Garden City, New York 11530

                    Federico A. Amorini, Esq.
                    Law Office of F.A. Amorini
                    16 Dolphin Dr.
                    Farmingdale, New York 11735

Nassau County
Social Service      Pablo A. Fernandez, Esq.
                    Nassau County Attorney's Office
                    One West St.
                    Mineola, New York 11501
```

SEYBERT, District Judge:

Plaintiffs are the owners of property located in Roosevelt, New York (the "Property"). (Compl. ¶ 16.) They bring this action against Fawn-Nita Lunn ("Lunn"),[1] the Town of Hempstead (the "Town"), and Nassau County Social Service (collectively, "Defendants") seeking damages for unpaid rent and property damage. Currently pending before the Court is the Town's motion to dismiss the Complaint for lack of subject matter jurisdiction because Plaintiffs' alleged damages do not meet the minimum jurisdictional requirement. (Town's Br., Docket Entry 24 at 7-10.) For the following reasons, the Town's motion is GRANTED.

BACKGROUND[2]

On April 23, 2010, the Town entered into a Housing Assistance Payment contract (the "HAP Contract") with Plaintiffs on behalf of Lunn, the lessee, of the Property. (HAP Contract,

---

[1] Because Lunn failed to answer or otherwise defend herself, the Clerk of the Court entered a default against her on February 8, 2016. (Docket Entry 56.)

[2] The facts alleged in the Amended Complaint are presumed to be true for the purposes of this Memorandum and Order. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572, 127 S. Ct. 1955, 1975, 167 L. Ed. 2d 929 (2007) ("[A] judge ruling on a defendant's motion to dismiss a complaint must accept as true all of the factual allegations contained in the complaint." (internal quotation marks and citation omitted)).

at 8-17.)³ Under the HAP Contract, the Town would make certain payments to Plaintiffs to assist Lunn in leasing the unit. (HAP Contract ¶ 7 at 8.) The HAP Contract also provided, in pertinent part, that the Public Housing Authority ("PHA")--in this case, the Town--"may terminate program assistance for . . . any grounds authorized in accordance with [the Housing and Urban Development] requirements. If the PHA terminates program assistance for the family, the HAP Contract terminates automatically." (HAP Contract ¶ 4(b)(2) at 10.)

Lunn entered into a rental lease with Plaintiffs for the Property for a one-year term beginning on May 1, 2010 (the "Lease"). (See Lease Agreement⁴, Town's Br. Ex. B, Docket Entry 24-2, at 19-20.) Although Lunn missed rent payments, the parties renewed the Lease on May 1, 2011, May 1, 2012, and again on May 1, 2013. (Compl. ¶¶ 18-19, 25.) In January 2014, a Town building inspector conducted a review of the Property and found eight defects. (Inspection Ltr., at 22.)⁵ Two months later, Plaintiffs informed the Town that the Lease would not be renewed

---

³ The HAP Contract can be found at Town's Br. Ex. A, Docket Entry 24-2, at 8-17. For the purposes of this Memorandum and Order, the Court will use the page numbers generated by the Electronic Case Filing System when referring to the Town's exhibits.

⁴ The Lease Agreement can be found at Town's Br. Ex. B, Docket Entry 24-2, at 18-20.

⁵ The Inspection Letter can be found at Town's Br. Ex. C, Docket Entry 24-2, at 21-30.

3

and would end on April 31, 2014. (Pls.' Termination Ltr., at 33-34.)[6]

On April 1, 2014, the Town terminated the HAP Contract effective May 1, 2014 because Lunn failed to provide certain documentation, as required by the HAP program. (Town's Termination Ltr., at 36.)[7] Lunn appealed that determination, but the Town's decision was upheld. (Town's Termination Ltr. at 37-39.)

Plaintiff alleges that Lunn refused to vacate the Property after the lease term expired. (Compl. ¶¶ 31, 40.) Plaintiff also alleges that Defendants owe $19,056 in unpaid rent and $18,050 in property damage, which was caused by a "fire bomb," among other things. (Compl. ¶¶ 59, 61-62, 64.) Thus, Plaintiffs' total damages calculation is $37,106. (See, e.g., Compl. ¶ 65.)

Plaintiffs filed this lawsuit on October 6, 2014. The Complaint asserts three causes of action against all Defendants: (1) breach of contract (Compl. ¶¶ 47-66), (2) unjust enrichment (Compl. ¶¶ 67-76), and (3) equitable estoppel (Compl. ¶¶ 78-100). The Complaint asserts an additional cause of action of racketeering fraud scheme against Lunn. (Compl. ¶¶ 101-06.)

---

[6] Plaintiffs' Termination Letter can be found at Town's Br. Ex. E, Docket Entry 24-2, at 33-34.

[7] The Town's Termination Letter can be found at Town's Br. Ex. F, Docket Entry 24-2, at 35-39.

4

Each cause of action seeks approximately $37,106 against all Defendants--in other words, the amount of unpaid rent and property damage. (Compl. ¶¶ 59, 65, 69, 76, 98, 100, 102, 105-06.) The Complaint, construed liberally, also seeks emotional distress damages for an unspecified amount. (Compl. ¶ 3.)

The Town now moves to dismiss the Complaint. (Docket Entry 24.) In doing so, the Town makes three principal arguments: (1) Plaintiffs' claims seek only $37,106 in damages against all Defendants, and thus the Court does not have subject matter jurisdiction to adjudicate them because they fail to satisfy the minimum jurisdictional requirement (Town's Br., Docket Entry 24, at 7-10); (2) Plaintiffs failed to serve the Town within 120 days of filing the Summons and Complaint (Town's Br. at 10-12); and (3) Plaintiffs' claims fail to state a cause of action against the Town, in part, because there is no privity of contract between Plaintiffs and the Town under the Lease Agreement (Town's Br. at 12-17). Plaintiffs filed a short opposition letter that rejected the Town's arguments in a conclusory fashion. (Pls.' Opp., Docket Entry 27, at 1-2.)

DISCUSSION

I. Legal Standard

To survive a motion to dismiss under 12(b)(1), a plaintiff must establish subject matter jurisdiction. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In

resolving the motion, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See id. (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)). The Court must accept as true the factual allegations contained in the Complaint, but it will not draw argumentative inferences in favor of Plaintiffs because subject matter jurisdiction must be shown affirmatively. See Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted).

Because Plaintiffs are litigating pro se, the Court interprets their papers to "raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted) (collecting cases).

II. Amount in Controversy Requirement

This Court has jurisdiction in civil actions where, among other things, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). Plaintiffs, as the parties invoking jurisdiction, bear the burden of proving that their claims meet the minimum jurisdictional amount to a "reasonable probability." Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994); see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290, 58 S. Ct. 586, 591, 82 L. Ed. 845 (1938)

6

(allocating the burden to the plaintiff because he or she "knows or should know whether [the] claim is within the statutory requirement"). "The amount in controversy is determined at the time the action is commenced." Tongkook, 14 F.3d at 784.

As the Supreme Court made clear, a case must be dismissed for lack of subject matter jurisdiction if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S. Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961) (internal quotation marks omitted) (quoting St. Paul Mercury, 303 U.S. at 289, 58 S. Ct. at 590). "'[T]he legal impossibility of recovery must be so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim,'" Carling v. Peters, No. 10-CV-4573, 2013 WL 865842, at *4 (S.D.N.Y. Mar. 8, 2013) (quoting Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chi., 93 F.3d 1064, 1070 (2d Cir. 1996) (first alteration in original), and any doubts are resolved in Plaintiffs' favor. Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999) (recognizing "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy").

Here, Plaintiffs cannot meet the minimum jurisdictional requirement to a "legal certainty." See

7

Horton, 367 U.S. at 353, 81 S. Ct. at 1573. Plaintiffs state, flatly and without more, that "[t]he amount in controversy is in excess of $75,000.00 U.S.D which include costs and fees." (Compl. ¶ 3.) But that contention is belied by their damages calculation, which amounts to $37,106 against all Defendants. (Compl. ¶¶ 59, 64-65.) Specifically, Plaintiffs' four causes of action seek $19,056 in unpaid rent and $18,050 in alleged property damage caused by the "fire bomb," among other things.[8] (Compl. ¶¶ 59, 65, 69, 76, 98, 100, 102, 105-06.) Moreover, the Complaint does not state that the precise amount of damages is uncertain or that damages continue to accrue, nor do Plaintiffs offer any clarification on their damages calculation in their opposition letter, which simply rejects the Town's arguments. (See generally Pl.'s Opp.; Compl.)

---

[8] Plaintiffs' fourth cause of action--a Racketeer Influenced and Corrupt Organization ("RICO") claim against Lunn--fails to advance Plaintiffs' position. (See Compl. ¶¶ 45, 96, 101-06.) To sustain a RICO claim, a plaintiff must allege "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" DeFalco v. Bernas, 244 F.3d 286, 306 (2d Cir. 2001) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496, 105 S. Ct. 3275, 3285, 87 L. Ed. 2d 346 (1985)). The Complaint, however, is bereft of any evidence that Lunn defrauded Plaintiffs through an ongoing criminal operation. (See RICO Act, 18 U.S.C. § 1961.) Rather, it appears that Lunn may have refused to pay rent and refused to vacate the Property. (See, e.g., Compl. ¶¶ 21, 31, 40.) Although Plaintiffs do not discuss the $37,106 damages figure under this cause of action, they argue that they "have suffered loss of economic benefits. Plaintiff[s'] property ha[s] been severely damaged and violated." (Compl. ¶ 105.) In other words, this RICO claim seeks the same damages as the other claims.

8

To the extent the Complaint seeks emotional distress damages, that fact makes no difference to the analysis. (See Compl. ¶ 3.) As an initial matter, a plaintiff can seek emotional distress damages under two theories: (1) intentional infliction of emotional distress and (2) negligent infliction of emotional distress. Plaintiffs did not select a specific theory, but either one would fail. That is because both theories require a showing of conduct that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." See Sheila C. v. Povich, 11 A.D.3d 120, 130-31, 781 N.Y.S.2d 342, 351 (1st Dep't 2004) (internal quotation marks and citations omitted); Gate Techs., LLC v. Delphix Cap. Mkts., LLC, No. 12-CV-7075, 2013 WL 3455484, at *9 (S.D.N.Y. July 9, 2013) (observing that both theories "require the same showing of outrageousness"); accord Cort v. Marshall's Dep't Stores, No. 14-CV-7385, 2015 WL 9582426, at *6 (E.D.N.Y. Dec. 29, 2015) (finding that "the extreme and outrageous conduct element is the one most susceptible to determination as a matter of law") (citation omitted). "Such extreme and outrageous conduct must be <u>clearly</u> alleged . . .," Sheila C., 11 A.D.3d at 131 (emphasis added), and nowhere in the Complaint do Plaintiffs assert allegations of that magnitude. Thus, Plaintiffs' claims against the Town are

9

DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, and the Court need not address the Town's remaining arguments. See JetBlue Airways Corp. v. CopyTele Inc., No. 15-CV-0086, 2015 WL 6161774, at *1 (2d Cir. Oct. 21, 2015) ("'Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.'") (quoting Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999)).

For the same reasons, Plaintiffs' claims against Defendant Nassau County Social Service are sua sponte DISMISSED WITHOUT PREJUDICE.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]

CONCLUSION

Defendant Town of Hempstead's motion to dismiss the Complaint is GRANTED (Docket Entry 24), and Plaintiffs' claims against the Town are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. For that same reason, Plaintiffs' claims against Defendant Nassau County Social Service are <u>sua sponte</u> DISMISSED WITHOUT PREJUDICE.

Plaintiffs' outstanding motions are now DISMISSED AS MOOT. (Docket Entries 52, 53.)

The Clerk of the Court is directed to mark this matter CLOSED and to mail a copy of this Order to Plaintiffs Edson Maitland and Edson Maitland, Jr.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  4 , 2016
       Central Islip, New York