**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
EDSON MAITLAND and
EDSON MAITLAND, JR.,

                       Plaintiffs,

      - against -

FAWN-NITA LUNN, TOWN OF HEMPSTEAD,
NY, and COUNTY OF NASSAU

                       Defendants.
-----------------------------------------------------------X

**ORDER**

CV 14-5938 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      This Order resolves two motions currently pending before the Court: (1) the *pro se* Plaintiffs' application to renew their prior motion to compel Defendants to produce certain unredacted documents [DE 79]; and (2) the *pro se* Plaintiffs' application for an Order extending the time to serve Defendant Lunn with a copy of the Amended Complaint and compelling Nassau County to disclose Defendant Lunn's last known address [DE 84] so that she may be served. The Court addresses each motion in turn, starting with DE 79.

      In DE 79, Plaintiffs seek to renew their January 19, 2016 motion to compel which sought production from the Defendants of unredacted versions of the following documents [DE 53], as stated by the Plaintiffs:

      1. All Contract, Lease Agreement, Tax Form 1099 and Inspection Checklist from 2010 to 2014.
      2. Letter from the Town of Hempstead dated April 16, 2014, Bate #121.
      3. Letter from the Town of Hempstead dated redacted and title "Reasons for Termination of Assistance", Bate # 143.
      4. Letter from the Town of Hempstead dated July 10, 2014 and title "Re: Informal Hearing", Bate #163.

5. Letter from the Town of Hempstead dated June 16, 2014 and title "Re: Repayment Agreement Arrears", Bate #164.
6. Letter from the Town of Hempstead dated April 16, 2014 and title "Re: Re-certification", Bate #166
7. Letter from the Nassau County Social Services dated Oct 19, 2013 and title "Vender Letter", Bate # 125-126 (page 125 redacted only).
8. Letter from the Nassau County Social Services dated June 5, 2012 and title "Vender Letter", Bate #024-025. (page 25 redacted only).[1]

The original motion was deemed moot when Judge Seybert dismissed this case, without prejudice, for lack of subject matter jurisdiction. DE 58. Plaintiff subsequently filed a motion for reconsideration of Judge Seybert's Memorandum and Order dismissing the action. DE 59. Judge Seybert denied the motion but advised that Plaintiffs could file an Amended Complaint and, if they chose to do so, they could renew their January 19, 2016 motion to compel. DE 62 at 25.

Plaintiffs filed an Amended Complaint and now seek to renew their original application. DE 79. Shortly after the motion was filed, the Court directed Defendants' counsel to provide unredacted copies of the documents at issue for an *in camera* review. Electronic Order of January 16, 2018. Counsel for the Defendant Town of Hempstead subsequently filed his opposition to Plaintiffs' application, arguing that the documents at issue are confidential and privileged under "42 U.S.C. § 602 *et seq.*, Social Services Law § 136, and/or 18 NYCRR 357.3." DE 81. Counsel proceeded to explain that while Defendants do not dispute that the documents are indeed relevant to this case, they request that Plaintiffs' motion be denied until the Court has completed its *in camera* review and issues a decision on whether the documents can be disclosed

---

[1] Plaintiffs attached copies of the aforementioned documents to their motion to compel.

2

in unredacted form.[2] The Court has received and reviewed the *in camera* documents which consist of materials relating to the U.S. Department of Housing and Urban Development's Section 8 Housing Voucher Program. A review of each document shows that the name of the individual participant in the program as well as what appears to be that individual's telephone number have been redacted. The Court also notes that a page entitled "Inspector Page," which is found on page 55 of DE 53, contains text which appears to have either (1) been highlighted and when copied the highlighting was rendered darker, or (2) was in fact redacted.

Although Defendants do not specify the particular provision of the United States Code they rely on, 42 U.S.C. § 602(a)(1)(A)(iv) provides that states must take "reasonable steps…necessary to restrict the use and disclosure of information about individuals and families receiving assistance under the program attributable to funds provided by the Federal Government." Turning to the law of New York State, New York Social Services Law § 136 provides that the "names and addresses of all persons applying for or receiving public assistance," shall remain confidential. Moreover, 18 New York Codes, Rules and Regulations ("N.Y.C.R.R.") § 357.3 provides, in relevant part, as follows:

> (a) Safeguards in disclosing information.
>
> Information shall be released to another agency or person only when the public welfare official providing such data is assured that:
>
> > (1) the confidential character of the information will be maintained;
> >
> > (2) the information will be used for the purposes for which it is made available, such purposes to be reasonably related to the purposes of the public welfare program and the function of the inquiring agency; and

---

[2] Counsel for Nassau County also responded to Plaintiffs' application. Counsel explains that the motion is inapplicable to Nassau County since the County did not produce the documents at issue. DE 82.

>> (3) the information will not be used for commercial or political purposes.
>
> [ ]
>
> (f) Disclosure upon subpoena by court.
>
>> (1) When a public assistance record is subpoenaed by court, the public welfare agency shall immediately consult its legal counsel before producing any record or revealing any information or giving any testimony.
>>
>> (2) When the subpoena is for a purpose directly related to the administration of public assistance or protection of the child, the agency before complying with the subpoena shall endeavor to get in touch with the client whose record is involved or his attorney and secure permission to reveal the contents of the record which relate to the administration of public assistance.
>>
>> (3) In the event that the subpoena is for a purpose not directly related to the administration of public assistance or the protection of a child, the agency shall plead, in support of its request to withhold information, that the Social Security Act, the Social Services Law and the regulations of the State Department of Social Services prohibit disclosure of confidential information contained in records and files, including names of clients. The agency will be governed by the final order of the court after this plea is made.

18 CRR-NY § 357.3.

"The 'statutory confidentiality of [Department of Social Services] records is not always sacrosanct, and upon the basis of a proper showing may be released upon court order after an *in camera* inspection.'" *In re Nassau Cty. Strip Search Cases*, No. 99-CV-2844, 2017 WL 1322128, at *2 (E.D.N.Y. Apr. 10, 2017) ("*Strip Search Cases I*") (quoting *People v. Mc Fadden*, 178 Misc.2d 343, 346 (Sup. Ct. Monroe County 1998), *aff'd*, 283 A.D.2d 1030 (4th Dept. 2001)). Both federal and state courts have held that "[suppression] should not exceed the

purpose of [New York Social Services Law § 136]." *Zaccaro v. 50 E. 196th Assocs., L.*P., No. 96 CIV 5119, 1997 WL 661905, at *1 (S.D.N.Y. Oct. 23, 1997) (quoting *Early v. Nassau County*, 98 A.D.2d 789, 789–90, 469 N.Y.S.2d 809, 810 (2d Dep't 1983)) (internal quotation marks omitted). Disclosure is thus not absolutely prohibited. *See e.g., Strip Search Cases I*, 2017 WL 1322128, at *2 (noting that New York courts have permitted the disclosure of certain public assistance data for litigation purposes); *Downer v. Franklin Cty.*, No. 7:02-CV-0157, 2003 WL 22319418, at *2 (N.D.N.Y. July 31, 2003) ("New York law does indeed protect the confidentiality of those who receive social security assistance. N.Y. Soc. Serv. Law § 136(1) (McKinney 2002). However, this confidentiality is not absolute….") (collecting cases); *Zaccaro*, 1997 WL 661905, at *1 (directing the plaintiffs to subpoena Department of Social Services for records pertaining to the infant plaintiff's ingesting of lead-based paint); *Paine v. Chick*, 50 A.D.2d 686 (2d Dept. 1975) (affirming lower court's denial of motion to quash subpoena served on Commissioner of Broome County Department of Social Services despite the Commissioner's objection that the social services records are confidential); *W. v. U.*, 44 A.D.2d 727, 728, 354 N.Y.S.2d 721, 723 (2d Dept. 1974) (determining that putative father had the right to subpoena social services department to support claim that the child's mother made inconsistent statements regarding parentage); *In re Robinson*, 140 Misc.2d 599, 531 N.Y.S.2d 431 (Surr. Ct. 1988) (directing the production of documents pertaining to the identity of the putative father notwithstanding the objection of the Department of Social Services that the information is confidential under New York Social Services Law § 136 and 18 NYCRR § 357.2 and 357.3) ; *cf. Van Emrik v. Chemung County Dept. of Soc. Services*, 121 F.R.D. 22 (W.D.N.Y. 1988) (directing disclosure of the identity of individuals who participated in an investigation conducted by the Department of Social Services notwithstanding N.Y. Social Services Law § 422(7) which

permits the Commission to prohibit the release of such information if it is determined that doing so would be "detrimental to the safety or interests of such person."). Indeed, federal and state statutes "do not protect against court use of records and courts have ordered disclosure outside the parameters enumerated in the statutes and regulations." *In re Nassau County Strip Search Cases*, No. 99-2844, 2017 WL 3189870, at *7 (E.D.N.Y. July 26, 2017) ("*Strip Search Cases II*"). Moreover, disclosure has been directed even without the explicit consent of the individual named in the records. *See id.* at *6-*7 (directing the disclosure of the identities and contact information of "as yet unheard from class members about the monetary relief to which they are entitled under the judgment" notwithstanding the confidentiality required under SSL §§ 21(3), 136(2), 459-b, 459-c; 42 U.S.C. § 602(a)(1)(A)(iv)).

The Court finds that the information Plaintiffs seek is relevant to their claims, a fact that the Defendant Village of Hempstead does not dispute. Plaintiffs allege that they were the subject of a renewable "Rental Contract" entered into with Defendant Lunn, the Village of Hempstead and County of Nassau. Amended Complaint [DE 66] ("Am. Compl.") ¶ 14. Pursuant to that contract, Defendant Lunn and her family rented a four bedroom home owned by Plaintiffs in exchange for a monthly rental payment. *Id*. ¶ 15. Plaintiffs allege that Defendants wrongfully withheld payments in violation of the "Rental Contract," *id*. ¶ 21, 29, 32, and that Defendant Lunn failed to leave the property. *Id*. ¶ 31. Plaintiffs further allege that Defendant Lunn damaged the premises. *See* ¶ 34, 56. Whether Defendant Lunn's residence at Plaintiff's property was part of HUD's Section 8 housing program is therefore relevant to Plaintiffs' claims. Moreover, a confidentiality agreement between the parties will put in place the safeguards contemplated by 18 N.Y.C.R.R. § 357.3(a).

Therefore, in light of the case law and considerations analyzed above, the Court is hereby directing Defendants' counsel to turn over to Plaintiffs unredacted versions of the documents requested in DE 79. To the extent the documents set forth the participant's telephone number, that number shall remain redacted. Before doing so, however, the Court requires that the parties enter into a Stipulation and Order of Confidentiality forthwith, with an eye towards Section 357.3(a). That stipulation is to be executed by the parties and filed on ECF by October 1, 2018. Defendants' counsel is directed to then turn over the unredacted documents by October 5, 2018. The copies which are currently filed at DE 53 will remain in redacted form. Based on the aforementioned rulings, DE 79 is GRANTED, in part.

The Court turns to the second application pending, namely, the *pro se* Plaintiffs' "Request for Extension to Serve Miss Lunn and to Have Defendant Nassau County to Disclose Her Last Known Address on File." DE 84. Counsel for Defendant Nassau County opposes the portion of Plaintiffs' request seeking the disclosure of Defendant Lunn's address. *See* DE 86. Counsel argues that they already provided Plaintiff with Defendant Lunn's address and service of the original complaint was effectuated at that location on December 5, 2015. *See* Affidavit of Service [DE 45]. Moreover, counsel adds, Plaintiffs' current application does not allege that Defendant Lunn is no longer at the address previously provided nor do Plaintiffs set forth their attempts, if any, to locate her. On these grounds, counsel argues, Defendant Nassau County should not be compelled to search its Social Service Department Records for information that is confidential under the same laws referenced by Defendant Village of Hempstead in connection with DE 79.

Since Defendants do not object to Plaintiffs' request for additional time to serve Defendant Lunn with the Amended Complaint, the Court is granting that portion of Plaintiff's

7

application. However, the Court will not require Defendant Nassau County to disclose Defendant Lunn's address a second time. Plaintiff shall serve Defendant Lunn at the address utilized at DE 45, namely 731 Camellia Circle, Warner Robins, GA 31093. As such, DE 84 is GRANTED, in part, and DENIED, in part.

Counsel for the Defendant Town of Hempstead is directed to serve a copy of this Order on the *pro se* Plaintiffs forthwith by first-class mail and email, if feasible, and to file proof of such service on ECF.

**SO ORDERED:**

Dated: Central Islip, New York
September 19, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge