```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
EDSON MAITLAND and EDSON
MAITLAND, JR.,

                Plaintiffs,         AMENDED ORDER[1]
                                    14-CV-5938(JS)(AKT)
        -against-

FAWN-NITA LUNN,

                Defendants.
----------------------------------x
APPEARANCES
For Plaintiffs:    Edson Maitland, pro se
                   Edson Maitland, Jr., pro se
                   33 Ramblewood Drive
                   Palm Coast, Florida 32164

For Defendant:
Fawn-Nita Lunn     No Appearance
```

SEYBERT, District Judge:

Pro se plaintiffs Edson Maitland ("Maitland") and Edson Maitland, Jr. ("Maitland Jr." and together, "Plaintiffs") initiated this diversity action on October 6, 2014 against defendants Fawn-Nita Lunn ("Lunn"), the Town of Hempstead, New York (the "Town"), and the County of Nassau (the "County" and together, the "Defendants"). (Compl., D.E. 1.)

On April 18, 2015 Plaintiffs filed a motion requesting an address and on May 8, 2015, Magistrate Judge A. Kathleen Tomlinson granted Plaintiffs' request that the County disclose

---

[1] This Order is amended to include citation to Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

Lunn's last known address for Plaintiffs to effectuate service. (See D.E. 12, 14, & 20.)  On March 30, 2017, Plaintiffs filed an Amended Complaint against Defendants.  (Am. Compl., D.E. 66.)  The Town and County were properly served.  However, at a conference before Judge Tomlinson on December 19, 2017, Plaintiffs were informed that "it appeared [Plaintiffs] did not serve the Amended Complaint on [ ] Lunn" and if Plaintiffs intend to "pursue this matter against [ ] Lunn, then they must make arrangements" to serve Lunn no later than January 15, 2018.  (Minute Order, D.E. 76.)  On January 6, 2018, Plaintiffs requested an "additional two weeks" to serve Lunn and an Order directing the County to again disclose Lunn's address.  (See D.E. 84.)  The County opposed Plaintiffs' request (D.E. 86) and on September 19, 2018, Judge Tomlinson granted Plaintiffs' request for an extension but declined to issue an Order requiring the County to "disclose [ ] Lunn's address a second time" (Order, D.E. 106, at 7-8).

By Memorandum and Order ("M&O") dated July 2, 2019, the Court dismissed Plaintiffs' claims against the Town and County on the basis that the Court lacks subject matter jurisdiction.  (M&O, D.E. 119.)  The Court also found that Plaintiffs failed to serve Lunn in accordance with Federal Rule of Civil Procedure 4(m) and warned Plaintiffs that their failure to serve Lunn on or before August 30, 2019 would result in dismissal.  (M&O at 19.)  On August 17, 2019, Plaintiffs requested a 30-day extension to

2

effectuate service (see D.E. 123), which the Court granted in an Electronic Order dated August 21, 2019. In the August 21, 2019 Electronic Order, the Court warned that "[n]o further extensions of this deadline will be granted absent extraordinary circumstances." On August 26, 2019, Plaintiffs requested an Order directing the U.S. Marshals Service ("USMS") to serve Lunn (see D.E. 125), which was granted in an Electronic Order dated September 3, 2019. The Court directed Plaintiffs to provide the Court with Lunn's address on or before September 30, 2019 or "the case will be dismissed as to Lunn without further notice." (See Sept. 3, 2019 Elec. Order.)

On September 10, 2019, Plaintiffs filed a letter listing five different addresses for Lunn and attached a two-page document entitled "Premium People Search" that listed 360 Snediker Ave., Apt. 2E, Brooklyn, NY 11207 as Lunn's address from "9/1/2003 – CURRENT." (See D.E. 126 at 4-5.) On September 13, 2019, given Plaintiffs' pro se status and in abundance of caution, the Court Ordered the USMS to serve Lunn at the Snediker Avenue address and warned that "any further attempts to serve at that address will not be made." (See Sept. 13, 2019 Elec. Order.) On October 17, 2019 the USMS attempted service at the Snediker Avenue Address and on October 28, 2019, the USMS returned the summons unexecuted. (See D.E. 128.)

CONCLUSION

For the foregoing reasons, and in light of multiple extensions of time, assistance from the Court, and the USMS's unsuccessful service attempt, the case is DISMISSED as to Defendant Lunn WITHOUT PREJUDICE. There are no remaining Defendants.

Given Plaintiffs' pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mark this case CLOSED and mail a copy of this Order to the pro se Plaintiffs.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED:  November 12, 2019
        Central Islip, New York

4